Walker, Jr. v. Social Security Administration, Commissioner Good morning, Mr. Allenstein Good morning, Judge. Good morning. Was it cold in Gadsden this morning? It's chilly. Hey, Judge, let me just say I have my daughter, Rose Allenstein, who is an attorney of record here with me. Oh, that's right. She won't present the argument, but she's here present at this meeting. That's great. Glad to hear, Mr. Allenstein, that the traditions continue. Thank you. You can begin. Oh, thank you. First of all, I'd like to thank the panel for allowing oral argument under these difficult situations. And I want to say that I first represented Mr. Walker before this court. I did not represent him in any of the lower court proceedings. This claim was referred to me by other counsel. And Mr. Walker is 48 years of age on his date of last insured. He is severely injured. He's back in a work related injury on five, seven, 11, while lifting an air conditioning unit. I won't go into the other background based on your assurance that we understand all that. I mean, it seems to me your your basic argument, Mr. I think you have a very good point.   It's just a matter of having a discussion. About judge Posner's opinion. And, and faulting. The commission. The vocational. Expert. And. Medical doctor. For. A pining about your clients. Whether your clients disabled. Unable to work. And administrative law judge saying. That's a decision reserved to the commissioner. But, but it does seem to me that in this case. All, all the. The administrative law judge was, was saying. It was that. The ultimate issue. Of whether your client. Is disabled for purposes of the social security act. Is, is a decision reserved to the commissioner and then it goes on to consider. Whether. The D. Proper issues about which. Those two experts. Upon. Was supported by the record or not, which is precisely. What the act contemplates. Am I missing something? I would say that the primary issue in the case is whether the judge. Error in hell in holding that. An opinion. Reserve for the commissioner. Is applicable. And the phrase is in the AR. Regulation. I'm sorry. Yeah. It's in the administrative record. It's something that the AOJ said. But, but. I'm sorry. The AOJ would be right to say. That whether you're the applicant. Is disabled for purposes of the act or not. Is the ultimate issue. That's something that. The commissioner gets to decide, isn't it? Yeah. Yes, but it was. Improperly applied to this case because both the judge said that, and the AOJ said that. And. And judge postures. Decision, I think is right on point. The 11th circuit has never addressed judge posture's decision. And it. When, when they held, it was a decision reserved for the commissioner. That was just an error error. They should not have ruled that. And yes, if they had not said that. They might've supported the decision on other grounds. You're correct, but they still relied upon that holding. And judge posture said that remark is imprecise. The regulation says. That a statement by medical source that you are disabled or unable does not mean that you will determine that you're. Disabled. That's not the same as saying such a statement is proper and therefore to be ignored. And we asked this court to embrace judge posture's decision. And. And remand the case for a denial holding that the denial was improperly denied. Because it was. Because it was. Because it was held the issue reserved for the commissioner. And basically then, I mean, from your perspective, that's the heart of the case, isn't it? Yes. And that. Whether this AOJ committed the same kind of error that. That judge Posner said. Had occurred in that case. And whether we agree with that reasoning or not. And the Jordan decision has never been cited by the 11th circuit. And the holding is creating confusion in the district courts. We handle quite a few social security cases. And we see that language a lot. And it's unclear when that language is applicable and when it's not applicable. And I would say it is applicable. When. When a medical source just says. He's not disabled. He's not disabled. He's not disabled. However, it's not applicable. When they have a thorough. Analysis of the case. Especially like the. Dr. Crump. He had a thorough analysis, issued a thorough report. Was subject to cross-examination. And so he's, he's not just issuing. An opinion. He's writing a thorough report. And so the holding. As judge in the Jordan decision. Is, is just not applicable in this case. And of course. What part of the CFR would you say best supports your argument that that kind of decision is not reserved to the commissioner. Do you have a, do you have a CFR site for that? Yes. 20 CFR. 404. One five, two seven. Okay. So as I look at that, it says. Medical source opinions on issues reserved to the commissioner. So that to me, maybe the better reading of that is that the commissioner actually considered the evidence and made that decision.  I think that the commissioner ultimately does. Ultimately consider the evidence and, and make that decision. What, what language in there? Do you see that points you in a different direction? Let's see in paragraph B. It says we will always consider. Medical opinions in your case. And. That is section two. Under that paragraph. Okay. Let's see. I'm sorry. Take your time. Okay. Okay. Sure. Okay. Sure. I want to make sure I best understand your argument. Okay. Paragraph. The one says. A medical opinion that you are disabled or unable to work does not mean that we will determine that you're disabled. So. The regulation says. We will not rely upon that statement. Instead, we will look at the whole evidence, but in this case, I believe the district judge. And the ALJ relied on that conclusion. And failed to. Evaluate the. The claim on the wholeness of the record and the wholeness of the report. And in this case, we have much more than just that statement. We have a thorough analysis by the treating physician. As well as vocational expert. And so what I'm asking the court to do is, is embrace. The Georgetown decision. And give direction. To the district courts on when it's a. Applicable and, and. Appropriate. Decision. Thank you. Thank you. Thank you. Thank you. Okay. One more. One more point. Okay. The plaintiff in this case is no longer insured. He's not eligible for SSI. So his receiving benefits is dependent upon winning this case at the 11th circuit. And having a remand to determine the case without relying upon that phrase. Is the commissioner's decision. Okay. Okay. Thank you, Mr. Allen. It's fine. Thank you. Some time for rebuttal. Mr. Johns. Court. My name is Marcus Johns. Mr. Johns. If you could turn up. I can't hear you. Terribly. Sorry. Please the court. My name is Marcus Johns and I appear on behalf of the commissioner of social security. And I'd like to make a couple of points.  I think it's important to note that this case is not binding. As an initial matter. This court should not follow. Or adopt Bjornson in. In this circuit. Bjorn as an initial matter. The court is certainly not bound by a seventh circuit. Case. And while Bjornson may be persuasive, it's certainly not binding on this court. So I think it's important to note that this case is not bound by a  As an initial matter. The court is certainly not bound by a seventh circuit case. Second. The seventh circuit remanded. And Bjornson, because it found that the ALJ mischaracterized medical evidence. That is not the case. Here. Lastly. Bjornson is in opposite because here the ALJ did not ignore. Mr. Crunk's or Dr. Crunk's or Dr. Herrera's opinions. So the ALJ did not ignore Dr.  Herrera's opinions. Rather the ALJ explained why those opinions were inconsistent. With the record. So on. Let's go back to your first point. Do you think judge Posner's opinions? Correct. So. I think it's dicta. I think it's, I think what he had to say was dicta. I think that it is. I think it is correct. Judge that. I think it is correct. That that an ALJ cannot say, well, this opinion is reserved to. The commissioner. And so I don't have to consider it. Under the regs, the, the ALJ. And the commissioner is to consider all of the evidence. And as judge Poser pointed out in. In Bjornson. In accordance with the, with the reg. The ALJ.  The ALJ. Has said the statement by medical source that you are disabled or unable to work. Does not mean that we will determine that you are disabled. But by the same token, it doesn't mean that we're not going to determine that you're disabled. And that's the role of the judge and the administrative law judge. And I think the disconnect. Between what. What, what, what, what, what. What plaintiff is are pellets argument here. Is that the ALJ in this case. Did not. Stop. The analysis. The ALJ went on. And he said, I'm giving this opinion little weight and here's why. And so the, the, you know, The. The error, if you will, that's in Bjornson was, was, is not present in this case. And, and this court should not rely on that case to decide this, to decide this. If I may. I would like to say that the, that the court should affirm. The commissioner's final decision on, on really two grounds. One is procedurally. And then one is substantively. And procedurally. It's our position that the arguments that Mr. Walker raises here. We're not raised at the district court. To be sure. He did challenge the weight that the, that the ALJ gave the opinion evidence, including Dr. Crunk's opinion and Dr. Herrera's. But he did not challenge the ALJ statement. That the opinions were on issues reserved to the commissioner. And he did not argue. As far as Mr. Or Dr. Herrera is, is concerned that the ALJ substituted his opinion. Accordingly procedurally, this court should decline to address the merits of his arguments. But setting aside the procedural issue. Mr. Walker again would, would have you believe that the ALJ simply disregarded Dr. Crunk's and Dr. Herrera's opinion because they were on an issue reserved to the commissioner. But again, that is not what happened. Yes. The ALJ did state that. But the ALJ also considered the opinions and explain why he gave those little. Why he gave those opinions, little weight. Substantial evidence supports those reasons. This court should affirm. I note that plaintiff really doesn't challenge the, the. Sufficiency of that substantial evidence. But, you know, let's turn, let's turn to the ALJ's evaluation. Dr. Crunk's opinion, which was given in the context of. Mr. Walker's workers comp case. Dr. Crunk. Said he's not capable of working. Well, as. As chief judge pointed out. Again, the commissioner is tasked with that ultimate decision of whether or not someone's disabled. We can't abdicate it and give it. To a vocational consultant. The ALJ noted, however, that it was on issue reserve. That's true. It might very well mean that. That the individual is unable to perform their past work. Something that is actually. Something that the commissioner would agree with. Right. That is that's absolutely correct. Okay. Let's turn to the ALJ. Judge the, the, the ALJ limited. This individual to sedentary work. And. So it's clear that he had difficulties. He could not. The. There was another doctor. Dr. Reynolds. I believe it was. Dr. Reynolds. Who said he could return to light work. But the business where he was working at no longer or didn't have a light job that he could do. So you're exactly right. Dr. Crump's. Vocational rehabilitation specialist. Right. Not a medical doctor. That is correct. Judge. He is. He is not a medical doctor. He wouldn't get the same. The same kind of weight that. The ALJ would not be required to give. That opinion testimony. Same kind of weight that. That ALJ must give. To a treating physician. Exactly judge. You are correct. You are correct. Okay. So, um, And with regard to, you know, Mr. Crook's. Opinion, the ALJ went on and explained why it was not consistent with the medical evidence. And he gave, he gave good reasons. We can go into those. If you'd like. And then turning to. Um, Turning to Dr. Herrera's opinion now here. Here we do have a treating physician. And so that. That regulation that, um, that plaintiff mentioned earlier. Uh, 1527. Act does certainly come into play. Um, so it was, it was absolutely proper under the regulations for the ALJ to say, Hey. This medical opinion. Is on an issue reserved to the commissioner. So, and, and again, Dr. Herrera said that. Does that mean that the administrative law judge did not consider. Any of Dr. Herrera's opinion. Oh, no, sir. No, sir. The judge went on. The ALJ went on to then say, I give this opinion, I give this opinion, I give this opinion.  I, I, I, I, I, I, I, I, I, I, I, I, I, I, I. And here's why. And he gave us several reasons with regard to the, um, Uh, with regard to the medical evidence, there's inconsistencies in the medical evidence. Including including Dr. Herrera's own. Uh, own medical notes. The other thing. I'm not sure if I'm misrepresenting this, but, um, the other thing he pointed out. He pointed out was that Dr. Herrera. Talked about plaintiffs having a side effects that would be, you know, disabling side effects. But the ALJ noted that plaintiffs own. Um, report. To Dr. Herrera said, I don't have any side effects. So there's inconsistency between Dr. Herrera's. Uh, opinion. All right.    Not, not responding to the ALJ. The statements of the, uh, the, uh, Mr. Walker to his doctor. And so all these are good reasons for the ALJ to give that opinion little weight. And you know, judge. Panel. You know, if you'll look at, uh, Dr. Herrera's opinion, it's just a check box form. I mean, it's, it's really. It's, it's, it's, it's not well supported. Uh, and certainly the ALJ found it wasn't consistent with the, with the record. Um, lastly, um, I wanted to just turn really what this case comes down to from your, in a nutshell, because you don't have a quarrel with judge Posner's opinion for the seventh circuit. You just say, in this case, based on this record, it's distinguishable because. The, the, the limited reference to, to what is reserved to the commissioner did not mean that the administrative law judge failed to consider all of their opinions. In fact, it went on to explain how those, um, those opinions were otherwise inconsistent with the record. Absolutely. Judge. Absolutely. Uh, lastly. That's probably it in a nutshell. Absolutely judge. Thank you. Yes, absolutely. I, I want to just touch on one last, um, uh, argument that plaintiff made again, we, we argue that he, that he waived this cause he didn't raise it below, but the ALJ did not substitute his judgment for Dr. Herrera. And, and given that opinion little weight is this court well knows the ALJ is based on all the evidence. Uh, and ALJ does not substitute his judgment for that of a doctor by carrying out his, his regulatory role, uh, as an adjudicator response, responsible for assessing a client, a claimant's RFC here, the ALJ did not diagnose plaintiff with any type of medical condition. The ALJ didn't make medical findings and the ALJ did not act in any way like a doctor rather the ALJ acted like a judge weighed the evidence considered the, the law and the facts with the regulations and made the decision. So in conclusion, and I, I, I've got some time, uh, but in conclusion, this court should not entertain arguments. Mr. Walker did not make below nevertheless, substantial evidence supports the ALJ decision and the ALJ appropriately considered Dr. Crump's and, um, uh, and Dr. Herrera's, uh, opinions. And this court should affirm the commissioner's final decision. Okay. Uh, judge Joe fight, you don't have any questions. Okay. Um, Mr. Allen's time, you've saved five minutes from robotics. Thank you, Jeff. Judge in answer to your question is, is the, uh, the judge's decision correct? I say, yes, it is correct. It's a, it's a holding that should be embraced. It's persuasive. Also it's a decision that should be embraced by the 11th circuit court of appeals. And, uh, and the issue in this case is, was there an error by the district court and ALJ, both the district court and the ALJ relied upon. This is an opinion of an issue reserved for the commissioner. And, and that should not have been what this case turned on. The case should have turned on what opposing council argued, but that's not before the court court is, was there an error in the judge's decision? And was there an error in the ALJ decision? And I say, yes, there was an error because they held this. This is an opinion on an issue reserved for the commissioner judge. We see this phrase many times in district court decisions. There needs to be clarity given to the district courts when, and if this phrase is, is a deciding issue in a case, uh, in this case, and again, it needs to be eliminated as an issue. If it's not supported by the evidence, um, I would point out to the Dr. Croak's report was not just report by a vocational expert who was not a medical physician, but it was supported by Dr. Rari's opinion and records who is a medical expert and judging. We know, we know there's new rules that affect for opinions, but this is an old case. And so the old rules are applicable, not the new rules. Uh, again, Mr. Uh, my client has worked all of his life. He had a, uh, a severe back injury. Uh, we believe he's entitled to a fair hearing and decision without being denied on the phrase. This is an opinion on issue reserved for the commissioner. We thank you for the opportunity to argue the case today. Okay. Thank you, Mr. Allen. I don't think we understand your argument. Um, and, uh, that concludes the cases that we want to hear this morning. Uh, we're going to, um, be in recess until tomorrow morning. Thank you. Thank you, judge. Thank you.